UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-62173-CIV-DAMIAN/Valle

DANIEL FRANCOIS MAX TAILLARD,

     Plaintiff,

v.

MERCEDES-BENZ USA, LLC, *et al.*,

     Defendants.

_____/

## ORDER ON DEFENDANT MERCEDES-BENZ USA, LLC'S MOTION TO DISMISS COMPLAINT [ECF NO. 23]

**THIS CAUSE** is before the Court upon Defendant Mercedes-Benz USA, LLC's ("MBUSA" or "Defendant"), Motion to Dismiss Complaint [ECF No. 23 ("Motion")], filed February 18, 2025. Plaintiff, Daniel Francois Max Taillard ("Plaintiff"), filed a Response [ECF No. 27]. Defendant did not file a Reply.

THE COURT has reviewed the Motion and Response, the pertinent portions of the record, and the relevant authorities, and is otherwise fully advised. For the reasons set forth below, the Motion is due to be granted in part.

## I.    FACTUAL BACKGROUND[1]

As alleged in the Complaint, on January 19, 2023, Plaintiff purchased a used 2022 Mercedes-Benz EQS 580, which was manufactured by MBUSA, for a total purchase price of just over $100,000. *See* Compl. ¶ 17 [ECF No. 1]; *see also* ECF No. 1-1 ("Sales Contract").

---

[1] At this stage, the Court accepts the well-pled allegations in the Complaint as true and construes them in the light most favorable to Plaintiff. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

The Sales Contract provides that Plaintiff purchased the vehicle "as-is" from a car dealer in Miramar, Florida. *See* Sales Contract at 2. As further alleged in the Complaint, at the time of purchase, the vehicle was covered under an express written warranty in which the manufacturer, MBUSA, undertook "to preserve and maintain the utility and performance of the automobile and/or provide compensation in the event of a failure in utility or performance." Compl. ¶¶ 20, 23, 75; *see* ECF No. 1-2 ("Warranty").

Plaintiff alleges that, since the time of purchase, he has had to take his vehicle for repairs on multiple occasions to an authorized repair facility, Defendant Mercedes-Benz of Fort Lauderdale ("MBFL" or the "Dealership"). Compl. ¶¶ 31–34. Plaintiff further alleges that each time he took the vehicle for repairs, Defendants purported to service the vehicle under the Warranty. *Id.* ¶ 35. According to the allegations in the Complaint, MBUSA's authorized repair facilities, including MBFL, serve as MBUSA's agents with respect to repairs performed on the vehicle under the Warranty. *Id.* ¶ 36. Plaintiff alleges that despite multiple repair attempts, the vehicle has not been repaired properly and still has defects with the electrical and battery systems. *Id.* ¶¶ 33, 37–47. Plaintiff also alleges that Defendants were on notice that the vehicle contains defects as evidenced by a Technical Service Bulletin. *Id.* ¶ 48. According to Plaintiff, MBFL, the dealership, continues to unlawfully withhold possession of the vehicle and will not release it unless Plaintiff pays over $1,400 in storage fees, which Plaintiff claims was never discussed or agreed to. *Id.* ¶¶ 52–64. And Plaintiff alleges that MBFL's unlawful possession of the vehicle has been confirmed and ratified by MBUSA. *Id.* ¶ 65.

## II.    PROCEDURAL HISTORY

On November 17, 2024, Plaintiff filed a Complaint against MBUSA, MBFL, and Does 1 through 100. *See generally* Complaint. In the Complaint, Plaintiff asserts five causes of action: (1) Breach of Express Warranty (against MBUSA); (2) Negligent Repair; (3) Misrepresentation, (4) Violation of Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, (against MBUSA); and (5) Conversion. *See id.* On January 8, 2025, this Court dismissed, without prejudice, Defendants Does 1 through 100. *See* ECF No. 20, at 6–7.

On February 18, 2025, Defendant MBFL, the dealership, filed its Answer and Affirmative Defenses to the Complaint. [ECF No. 22]. Defendant MBUSA chose to file the Motion now before the Court, arguing that the Complaint should be dismissed for lack of jurisdiction and for failure to state a claim. [ECF No. 23]. Plaintiff filed a Response to the Motion on March 4, 2025. [ECF No. 27]. MBUSA did not file a Reply, and the time to do so has passed.[2] The Motion to Dismiss is ripe for adjudication.

This matter is presently set for trial during the Court's two-week trial calendar beginning on December 29, 2025, and for a Calendar Call on December 24, 2025. *See* ECF No. 74. The record reflects that the parties are in the midst of several discovery disputes. *See* ECF Nos. 44, 60, and 62.

---

[2] By not filing a Reply that addresses Plaintiff's arguments in the Response, MBUSA has effectively conceded any counterargument to the specific points raised by Plaintiff. *See GolTV, Inc. v. Fox Sports Latin Am. Ltd.*, 277 F. Supp. 3d 1301, 1311 n.7 (S.D. Fla. 2017) (Altonaga, J.) ("When a party fails to respond to an argument or address a claim in a responsive brief, such argument or claim can be deemed abandoned.").

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a complaint that does not satisfy the applicable pleading requirements for "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002)). The Court must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, pleadings that "are no more than conclusions[ ] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Dismissal pursuant to a Rule 12(b)(6) motion is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." *Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (internal quotation marks omitted) (quoting *Hishon*, 467 U.S. at 73).

Generally, a complaint must satisfy Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). When the complaint includes claims of fraud, the pleading must satisfy Federal Rule of Civil Procedure 9(b), which provides: "In alleging fraud or mistake, a party

must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Rule requires a plaintiff to set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)).

## IV.   ANALYSIS

As noted above, MBUSA argues that the Complaint should be dismissed for lack of jurisdiction and for failure to state a claim. The Court first considers MBUSA's jurisdictional challenge.

### A. *Subject Matter Jurisdiction*

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016) (internal quotations omitted)). With regard to federal question jurisdiction, the district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535

5

U.S. 826, 830 (2002) ("[F]ederal jurisdiction generally exists 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'") (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

In the Complaint, Plaintiff alleges this Court has federal question jurisdiction because his claims arise under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, *et seq.* Compl. ¶ 14. In the Motion, MBUSA argues that the Complaint should be dismissed because Plaintiff has not alleged the requisite amount in controversy, which MBUSA claims is a sum greater than $75,000, to invoke this Court's jurisdiction. Mot. at 9. In the Response, Plaintiff points out that the Complaint alleges that "[t]his Court has jurisdiction over the subject matter of this action pursuant to 28 U.S. Code § 1331 and 15 U.S.C. § 2310(d) . . . ." Resp. at 2 (citing Compl. ¶ 14). Plaintiff also points out that Section 2310(d)(3)(B) of the MMWA requires that the amount in controversy exceed "the sum or value of $50,000 (exclusive of interest and costs)" and that the Complaint explicitly alleges that the amount in controversy exceeds $50,000. *Id.* (citing Compl. ¶¶ 14, 70).

This Court agrees with Plaintiff. Plaintiff has asserted a claim under the MMWA, which provides that "in order for a federal court to exercise jurisdiction of a claim under the [Act], the amount in controversy must be at least $50,000, exclusive of interests and costs." *Grubbs v. Pioneer Housing, Inc.*, 75 F. Supp. 2d 1323, 1326 (M.D. Ala. 1999). Therefore, this Court has original jurisdiction over Count IV (violation of MMWA) pursuant to 28 U.S.C. § 1331. And, jurisdiction over the remaining state-law claims stems from the doctrine of supplemental jurisdiction, which provides that "in any civil action of which the district courts have original jurisdiction, [they] shall have supplemental jurisdiction over all other claims

that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (providing that the constitutional "case or controversy" standard confers supplemental jurisdiction over all supplemental claims arising from a "common nucleus of operative fact" as the federal claims).

MBUSA's Motion is therefore due to be denied insofar as it seeks dismissal based on a lack of jurisdiction. This Court next turns to the parties' arguments with respect to the sufficiency of Plaintiff's claims.

### B. Count I – Breach of Express Warranty

In Count I of the Complaint, Plaintiff asserts a claim for breach of express warranty against MBUSA under the Florida Uniform Commercial Code ("UCC"), Fla. Stat. § 627.313, and the MMWA.[3] In the Motion, MBUSA first argues that Count I, including Plaintiff's request for revocation of acceptance, should be dismissed for lack of privity because MBUSA, as the manufacturer, is the warrantor of the vehicle, not the seller. *See* Mot. at 9–10, 17. Elsewhere in the Motion, MBUSA argues that Count I should be dismissed because it improperly commingles causes of action for breach of express warranty, breach of implied warranty, and violation of the MMWA. *See id.* at 16. Notably, MBUSA does not dispute the

---

[3] Although the allegations in Count I do not specify either the UCC or MMWA, Plaintiff alleges elsewhere in the Complaint that he seeks damages for breach of warranty under the UCC and MMWA. *See* Compl. ¶¶ 16, 26, 29, 30. One of the benefits of asserting a breach of warranty claim under the MMWA is that the MMWA allows for the recovery of attorneys' fees, while Florida's UCC does not. *See Ocana v. Ford Motor Co.*, 992 So. 2d 319, 324 n.1 (Fla. 3d DCA 2008); *see also Najran Co. for General Contracting & Trading v. Fleetwood Enters., Inc.*, 659 F. Supp. 1081, 1099 (S.D. Ga. 1986).

existence or validity of the express warranty alleged in Plaintiff's Complaint or even whether there exist any limitations under the subject warranty.

In response, Plaintiff states that revocation is not alleged as a cause of action but rather as a potential remedy and, therefore, dismissal is improper on such grounds. Resp. at 3. Plaintiff argues that he is nonetheless entitled to revocation for his breach of express warranty claim under the UCC, the MMWA, and the common law. *Id.* at 6. Plaintiff also points out that Count I is for breach of *express* warranty, not implied warranty and, therefore, privity is not required to maintain his claim against MBUSA. *See id.* at 16.

The Court first address the parties' arguments with respect to privity and then whether Plaintiff has alleged a breach of express warranty claim under Florida law.[4]

### 1. Privity Requirement Under Florida Law

The Eleventh Circuit has observed that "Florida law reveals no clear rule about whether privity is required in every Florida express warranty claim." *Godelia v. Doe*, 881 F.3d 1309, 1321 (11th Cir. 2018); *see also Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336, 1342 (S.D. Fla. 2009) (Cohn, J.) (denying motion to dismiss express warranty claim for lack of privity and noting that Florida law on the issue is "a moving target" on which "a degree of uncertainty persists"); *Baker v. Brunswick Corp.*, No. 2:17-cv-572, 2018 WL 1947433, at *3 (M.D. Fla. Apr. 25, 2018) (denying motion to dismiss express warranty claim for lack of

---

[4] Florida law governs the express warranty claim here. The parties do not dispute that Plaintiff is a citizen of Florida and that Florida law governs his state-law express warranty claim. *See Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1341–42 (11th Cir. 2012) ("If the parties litigate the case under the assumption that a certain law applies, we will assume that that law applies.").

privity and citing Florida cases in which the privity requirement was satisfied even though the plaintiff did not purchase the product directly from the manufacturer).

Relevant here, several decisions from Florida's appellate courts discussing warranty claims under the MMWA have dismissed implied warranty claims against a manufacturer for lack of privity while allowing express warranty claims to go forward. *See Mesa v. BMW of N. Am.*, 904 So. 2d 450, 458 (Fla. 3d DCA 2005) (holding plaintiff could pursue an express warranty claim against warrantor BMW, but "cannot maintain suit against BMW for breach of implied warranty as there was no privity of contract between [plaintiff] and BMW"); *Cerasani v. Am. Honda Motor Co.*, 916 So. 2d 843, 846 (Fla. 2d DCA 2005) (holding that subsequent purchaser was entitled to protections of express written warranty but could not assert claim for implied warranty because complaint did not allege privity); *Rentas v. DaimlerChrysler Corp.*, 936 So. 2d 747, 751 (Fla. 4th DCA 2006) (holding purchasers of a used car could pursue a breach of express warranty claim against the manufacturer, who had issued a written warranty, but could not pursue an implied warranty claim because there was no privity of contract).

While the issue is somewhat unsettled, at this stage, this Court concludes that Plaintiff may pursue his breach of express warranty claim against MBUSA, the manufacturer, despite a lack of privity between the parties. *See Fed. Ins. Co. v. Lazarra Yachts of N. Am., Inc.*, No. 8:09–CV–607–T–27MAP, 2010 WL 1223126, at *6 (M.D. Fla. Mar. 25, 2010) (applying Florida law and finding that a breach of express warranty claim could be brought under the MMWA despite a lack of privity and stating that "[c]ourts have relaxed the privity requirement where the express warranty was clearly intended to extend coverage to subsequent owners").

Therefore, to the extent MBUSA's Motion seeks dismissal of Count I for lack of privity, the Motion is due to be denied.

### 2. Breach Of Express Warranty Under Florida's UCC

Under the Florida Uniform Commercial Code ("UCC"), "[a]ny affirmation of fact or promise" from a seller to a buyer "creates an express warranty that the goods shall conform to the affirmation or promise." Fla. Stat. §§ 672.313(1)(a)–(b) (2024). To state a claim for breach of express warranty under Florida's UCC, a plaintiff must allege: "(1) the sale of goods; (2) the express warranty; (3) breach of the warranty; (4) notice to seller of the breach; and (5) the injuries sustained by the buyer as a result of the breach of the express warranty." *Jovine v. Abbott Lab'ys, Inc.*, 795 F. Supp. 2d 1331, 1339–40 (S.D. Fla. 2011) (Cohn, J.) (citing Fla. Stat. § 672.313). Even if a warrantor breaches its express warranty, Florida law permits warrantors to "limit the remedies available to the consumer" for the breach. *Kelly v. Lee Cnty. RV Sales Co.*, 819 F. App'x 713, 717 (11th Cir. 2020) (citing Fla. Stat. § 672.719(1)(a)).

Here, taking the allegations in the Complaint as true, Plaintiff alleges that (1) he purchased the subject vehicle which was manufactured by MBUSA (*see* Compl. ¶¶ 17, 75); (2) the vehicle was subject to an express written warranty provided by MBUSA (*see id.* ¶¶ 20, 76–77); (3) MBUSA breached the express warranty by failing to repair certain defects in the subject vehicle after a reasonable number of repair attempts (*see id.* ¶¶ 31–41, 44–46, 78–84); (4) Plaintiff gave written notice of the defects to MBUSA (*see id.* ¶¶ 47, 66, 75); and (5) Plaintiff has incurred damages as result of MBUSA's breach of the express warranty (*see id.* ¶¶ 70, 90–91). This Court finds that Plaintiff has sufficiently alleged a claim for breach of express warranty under Florida's UCC against MBUSA.

3.  Breach Of Express Warranty Under The MMWA

The MMWA, 15 U.S.C. § 2301, *et seq.*, "does not provide an independent cause of action for state law claims, only additional damages for breaches of warranty under state law." *Vaughan v. Emerald Coast RV Center, LLC*, No. 8:17-cv-639, 2019 WL 13227254, at * (M.D. Fla. Mar. 7, 2019) (quoting *Wilson v. MarineMax E., Inc.*, 303 F. Supp. 3d 1342, 1366 (N.D. Ga. 2018)). As such, the MMWA "borrow[s] state law causes of action for breach of both written and implied warranties as a necessary condition for bringing forth an action under the MMWA." *Hill v. Hoover Co.*, 899 F. Supp. 2d 1259, 1266 (N.D. Fla. 2012) (citing *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1015–16 (D.C. Cir. 1986)); *see also Karhu v. Vital Pharm., Inc.*, No. 13-60768-CIV, 2014 WL 815253, at *7 (S.D. Fla. Mar. 3, 2014) (Cohn, J.), *aff'd*, 621 F. App'x 945 (11th Cir. 2015) (noting that "[t]he legislative history of the MMWA suggests that, while the drafters of the statute intended to exclude express oral warranties from its coverage, they did not intend to displace state-law requirements for claims pertaining to express written warranties."). Therefore, "claims under the Magnuson–Moss Act stand or fall with [a plaintiff's] express and implied warranty claims under state law." *Vazquez v. Gen. Motors, LLC*, No. 17-22209-CIV, 2018 WL 447644, at *4 (S.D. Fla. Jan. 16, 2018) (Gayles, J.) (quoting *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008)); *see also Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1231 (11th Cir. 2016) ("The claims under the Magnuson–Moss Act are identical to the other warranty claims because they are also based on state law.").

Because Plaintiff's breach of express warranty claim under Florida's UCC survives dismissal, as discussed above, Plaintiff's breach of express warranty claim under the MMWA

survives, as well. *See Hunter v. Marlow Yachts, Ltd. ., Inc.*, No. 09-cv-1772-T-TBM, 2011 WL 3794674, at *7 (M.D. Fla. Aug. 26, 2011) (stating that the MMWA claim was dependent upon a sustainable state law claim for breach of warranty); *Ocana v. Ford Motor Co.*, 992 So. 2d 319, 323 (Fla. 3d DCA 2008) (stating that whether there has been a breach of a limited express warranty under the MMWA is governed by state law).

    4. <u>Revocation Of Acceptance</u>

    In Count I, Plaintiff seeks the remedy of revocation of acceptance. *See* Compl. ¶ 88. While the Court must look to state law to determine privity for a claim involving the breach of an implied warranty, *Gill v. Blue Bird Body Company*, 147 F. App'x 807, 810 (11th Cir. 2005), the same is not true of a claim for breach of a written warranty. 15 U.S.C. § 2301(6); *Yvon v. Baja Marine Corp.,* 495 F. Supp. 2d 1179, 1184 n.4 (N.D. Fla. 2007) ("Defendants correctly concede that transactional privity is not required to support an express warranty claim under the [MMWA]."). As noted above, the Complaint does not seek relief for the breach of any *implied* warranty. Nevertheless, the question remains as to whether privity is required to seek the remedy of revocation of acceptance.

    The MMWA is silent as to the amount and types of damages that may be awarded for breach of an express warranty. *See* 15 U.S.C. § 2310(d)(1) ("[A] consumer . . . may bring suit for damages and other legal and equitable relief."). However, the MMWA also provides that nothing in the MMWA "shall invalidate or restrict any right or remedy of any consumer under State law . . . ." 15 U.S.C. § 2311(b)(1). As such, the Court turns to Florida law to determine whether privity is required for revocation of acceptance in a claim for breach of an

express warranty. *Gill*, 147 F. App'x at 810; *see also Zelyony v. Porsche Cars N. Am., Inc.*, No. 08-20090-CIV, 2008 WL 1776975, at *2 (S.D. Fla. Apr. 16, 2008) (Moreno, J.).

Under Florida law, revocation is not a remedy available against a manufacturer absent privity of contract. *See Mesa v. BMW of N. Am., LLC*, 904 So. 2d 450, 459 (Fla. 3d DCA 2005) (holding that trial court properly granted summary judgment in favor of the manufacturer on the revocation count since there was no privity between the buyer and the manufacturer). It is also clear that revocation is not available for Plaintiff's claims of breach of express warranty under the Florida Statutes. *See* Fla. Stat. § 672.608 (contemplating revocation in transactions between a "buyer" and "seller").

Here, Plaintiff has not alleged any facts that would give rise to a plausible inference that Plaintiff was in privity with Defendant MBUSA, such that his request for revocation of acceptance may survive dismissal under the *Twombly-Iqbal* standard. *See Boyer v. Land Rover N. Am., Inc.*, No. 19-cv-22870, 2020 WL 128099, at *3 (S.D. Fla. Jan. 9, 2020) (Bloom, J.) (dismissing plaintiff's request for revocation of acceptance due to lack of privity between buyer and manufacturer); *Zelyony*, 2008 WL 1776975, at *2 ("Privity is required for Plaintiff to revoke acceptance of the vehicle under Florida law.") (citing *Mesa*, 904 So. 2d at 459 ("Although revocation of acceptance can be a remedy for breach of express warranty under the [Warranty Act], we have found no case applying Florida warranty law allowing a plaintiff

13

to seek such a remedy against a manufacturer with whom the plaintiff is not in privity of contract.")).[5]

Therefore, although Plaintiff may sue MBUSA for breach of express warranty under the MMWA, Plaintiff cannot seek revocation of acceptance as a legal remedy due to lack of privity, as required under Florida law. The Motion to Dismiss is, therefore, due to be granted in part as to Count I.

### C. Count II – Negligent Repair

In Count II, Plaintiff asserts a claim for negligent repair against both MBUSA and MBFL (the dealership). Plaintiff alleges, *inter alia*, that MBUSA "owed a duty of care to Plaintiff to exercise reasonable care in performing the repairs" on the subject vehicle and that "[a]s a direct and legal result of the automobile's defect(s) and [MBUSA's] failure to repair same, Plaintiff was injured, the risk of which was at all times known and foreseeable to [MBUSA]." Compl. ¶¶ 104–06.

MBUSA argues that Count II must be dismissed as barred by Florida's independent tort doctrine and that this claim is nothing more than an attempt to recast the breach of warranty claim in Count I. *See* Mot. at 11–12. In response, Plaintiff asserts that Rule 8 allows

---

[5] Contrary to Plaintiff's contention, the appellate court in *Rentas v. DaimlerChrysler Corp.*, 936 So. 2d 747, 749 (Fla. 4th DCA 2006), did not expressly hold that Florida law does not require privity to seek revocation of acceptance against a manufacturer/warrantor in cases arising from a breach of express warranty and violations of the MMWA. *See* Resp. at 4–5. Instead, the *Rentas* Court held that the MMWA provides an independent federal cause of action for breach of warranty and that privity between a buyer and manufacturer was not required for a buyer to state a claim for breach of express warranty under the MMWA. *See Rentas*, 936 So. 2d at 751. Nowhere in the *Rentas* decision does the appellate court discuss, much less hold, that privity is not required for a buyer to seek revocation of acceptance against a manufacturer for a breach of express warranty claim.

pleading in the alternative when the theories of recovery are inconsistent and that he has alleged a claim that is separate and apart from the breach of warranty claim. *Id.* at 7–8. Notably, MBUSA does not argue that the allegations in the Complaint fail to establish a principal-agent relationship between MBUSA and the dealership, MBFL, which performed the repairs on the subject vehicle, with respect to the negligent repair claim in Count II; instead, MBUSA raises this argument as to Counts I and IV elsewhere in the Motion. *See* Mot. at 16–17.

At this stage, as noted above, this Court must not only accept all of the Plaintiff's allegations as true but must also construe those allegations in the light most favorable to him. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Upon review of the allegations in the Complaint, this Court finds that Plaintiff has sufficiently stated a claim for negligent repair. *See* Compl. ¶¶ 94–108. Also, irrespective of whether the independent tort doctrine applies, alternative pleadings are permissible at this stage of the proceedings. *See Ternitz Enters. Ltd. v. Learjet, Inc.*, No. 22-61048-CIV, 2022 WL 18464859, at *3 (S.D. Fla. Sept. 13, 2022) (Dimitrouleas, J.) (denying motion to dismiss negligent maintenance claim without prejudice to defendant raising independent tort doctrine argument at summary judgment or trial) (citing *Coast to Coast Supply Sols., LLC v. Bank of Am., Corp.*, No. 8:20-cv-606, 2020 WL 2494487, at *2 (M.D. Fla. May 14, 2020)).

As noted above, MBUSA did not file a reply or otherwise respond to Plaintiff's arguments in the Response and, as such, MBUSA has effectively conceded any counterargument to the specific points raised by Plaintiff. *See GolTV, Inc. v. Fox Sports Latin Am. Ltd.*, 277 F. Supp. 3d 1301, 1311 n.7 (S.D. Fla. 2017) (Altonaga, J.) ("When a party fails

15

to respond to an argument or address a claim in a responsive brief, such argument or claim can be deemed abandoned.").

With respect to MBUSA's agency relationship argument raised elsewhere in its Motion, whether Defendants MBUSA and MBFL had a principal-agent relationship requires a fact-intensive inquiry more appropriately addressed at the summary judgment stage, not on a motion to dismiss. *See, e.g.*, *Larach v. Standard Chartered Bank Int'l (Americas) Ltd.*, 724 F. Supp. 2d 1228, 1239 (S.D. Fla. 2010) (Moreno, J.) (finding that fact-intensive inquiries, such as whether plaintiffs have alleged facts establishing that a fiduciary or agency relationship existed, are inappropriate for consideration at the motion to dismiss stage, and denying the motion to dismiss with leave to renew at the summary judgment stage); *In re Friedman's, Inc. Sec. Litig.*, 385 F. Supp. 2d 1345, 1369 (N.D. Ga. 2005) (noting fact-intensive inquiries are generally not resolved on motions to dismiss and are instead more appropriate for motions for summary judgment).

Accordingly, for these reasons, the Motion is due to be denied as to Count II.

### D.  *Count III – Misrepresentation*

In Count III of the Complaint, asserted against both MBUSA and MBFL, Plaintiff alleges that the Defendants made the following misrepresentations: (1) that the subject vehicle was safe to drive; (2) that the vehicle was covered under warranty and would be repaired pursuant to the applicable warranties; (3) that the vehicle was serviced properly and that there would be no further problems with the vehicle; and (4) that the vehicle did not qualify for repurchase or replacement under applicable law. *See* Compl. ¶¶ 113–16.

In the Motion, MBUSA argues that Plaintiff's misrepresentation claim should be dismissed because it is not pled with the specificity required for fraud-based claims, it is a recast of the breach of warranty claim, and it is barred by the independent tort doctrine. *See generally* Mot. at 18–22. As discussed above, Plaintiff may plead his claims in the alternative. Moreover, the allegations in the misrepresentation claim stem from conduct that is separate and distinct from Plaintiff's breach of express warranty claim in Count I. Therefore, the second and third bases for dismissal are rejected for the reasons discussed above.

Further, this Court finds that Plaintiff has sufficiently pled a claim for negligent misrepresentation against Defendant MBUSA.[6] To prevail on a negligent misrepresentation claim, a plaintiff must plausibly allege:

> (1) misrepresentation of a material fact; (2) that the representor made the misrepresentation without knowledge as to its truth or falsity or under circumstances in which he ought to have known of its falsity; (3) that the representor intended that the misrepresentation induce another to act on it; and (4) that injury resulted to the party acting in justifiable reliance on the misrepresentation.

*Serra-Cruz v. Carnival Corp.*, 400 F. Supp. 3d 1364, 1369 (S.D. Fla. 2019) (Ungaro, J.). As an allegation of fraud, negligent misrepresentation is subject to a heightened pleading standard under Federal Rule of Civil Procedure 9(b), which requires a plaintiff to establish the "who, what, when, where, and how" of the fraud. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006). To satisfy Rule 9(b)'s "particularity" standard, a complaint must "identify (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statement; (3) the content and manner in which the statements

---

[6] Although Count III in the Complaint is titled "Misrepresentation," the allegations within that count allege a claim for negligent misrepresentation. *See* Compl. ¶ 125.

misled the plaintiff; and (4) what the Defendants gain[ed] by the alleged fraud." *Travelers Prop. Cas. Co. of Am. v. Charlotte Pipe & Foundry Co.*, No. 6:11-CV-19-ORL-28GJK, 2012 WL 983783, at *6 (M.D. Fla. Mar. 22, 2012). Plaintiff has met these requirements. *See* Compl. ¶¶ 113–35. *See, e.g.*, *Hicks v. Bombardier Recreational Prods. Inc.*, 684 F. Supp. 3d 1223, 1249 (S.D. Fla. 2023) (Ruiz, J.) (finding plaintiff sufficiently stated claim for negligent misrepresentation).

Initially, this Court notes that some of the allegations in Count III are not specific to any particular Defendant but, instead, address the Defendants, MBUSA and MBFL, collectively (*see, e.g.*, Compl. ¶¶ 113–16), which is inadequate pleading. *See W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) ("In a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient."). However, Plaintiff alleges an agency relationship between the Defendants and "Rule 9(b) only requires that a plaintiff plead with specificity the 'circumstances constituting fraud.'" *Commodity Futures Trading Comm'n v. Gibraltar Monetary Grp., Inc.*, No. 04-80132-CIV, 2004 WL 7334350, at *2 (S.D. Fla. July 22, 2004) (Dimitrouleas, J.) (quoting *Guar. Residential Lending, Inc. v. Int'l Mortgage Ctr., Inc.*, 305 F. Supp. 2d 846, 853 (7th Cir. 2004)). "Thus, an agency relationship establishing vicarious liability for fraud generally does not have to be pleaded with particularity." *Id.* Rather, the agency relationship is generally governed by Rule 8(a) of the Federal Rules of Civil Procedure, which requires plaintiff to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *Latham v. Residential Loan Ctrs. of Am., Inc.*, No. 03C7094, 2004 WL 1093315, at *6 (N.D. Ill.

May 5, 2004) (stating "there must be 'some factual predicate . . . to create the inference of agency'"); *see Stotler & Co. v. Commodity Futures Trading Comm'n*, 855 F.2d 1288, 1292 (7th Cir. 1988) (finding that the Commission adequately pled vicarious liability when the complaint tracked the statutory language and generally alleged that defendant was acting as an agent). "However, when the plaintiff relies upon the same circumstances to establish both the alleged fraud and the agency relationship of a defendant, the reasons for more particularized pleading that animate Rule 9(b) apply with equal force to the issue of agency and the underlying fraud claim." *Gibraltar Monetary Grp.*, 2004 WL 7334350, at *2 (quoting *Lachmund v. ADM Investor Servs., Inc.*, 191 F.3d 777, 783 (7th Cir. 1999)).

Here, Plaintiff relied upon entirely different factual allegations to plead misrepresentation and agency. *See* Compl. ¶¶ 9, 11–12, 36, 112–33. Therefore, Plaintiff is not required to plead with specificity that MBFL was an agent of MBUSA for purposes of the negligent misrepresentation claim.

Accordingly, at this stage, this Court finds that Plaintiff has sufficiently pled a claim for negligent misrepresentation against MBUSA to survive dismissal and, therefore, the Motion is due to be denied as to Count III.

### E.   *Count IV – Violation of MMWA*

In Count IV, Plaintiff asserts a claim for violation of the MMWA, 15 U.S.C. § 2301 *et seq.* "The Act does not provide an independent cause of action for state law claims, only additional damages for breaches of warranty under state law." *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1200 n.14 (N.D. Ga. 2005) (citations omitted). Here, Plaintiff's MMWA claim is premised on the express written warranty. *See* Compl. ¶¶ 140–48. Because

this Court has determined that it cannot dismiss Plaintiff's state law claim for breach of express warranty, this Court likewise declines to dismiss Plaintiff's MMWA claim. *See Vazquez v. Gen. Motors, LLC*, No. 17-22209-CIV, 2018 WL 447644, at *4 (S.D. Fla. Jan. 16, 2018) (Gayles, J.). Accordingly, the Motion is denied as to Count IV.

### F. Count V – Conversion

In Count V, Plaintiff asserts a conversion claim against both MBUSA and MBFLA. Plaintiff alleges that MBFL, the dealership, took wrongful possession of the subject vehicle, that MBFL served as MBUSA's actual agent during the parties' dealings, and that MBUSA confirmed and ratified MBFL's wrongful actions, thus rendering MBUSA liable for MBFL's actions. *See* Compl. ¶¶ 156–60.

Conversion is "the exercise of wrongful dominion and control over property to the detriment of the rights of its actual owner." *Batista v. Rodriguez*, 388 So. 3d 1098, 1101 (Fla. 3d DCA 2024). "Where a person having a right to possession of property makes demand for its return and the property is not relinquished, a conversion has occurred." *World Cellphones Distribs. Corp. v. De Surinaamsche Bank, N.V.*, 357 So. 3d 225, 229 (Fla. 3d DCA 2023) (citations omitted).

Here, accepting the allegations in the Complaint as true, Plaintiff alleges that (1) Plaintiff is the rightful owner of the vehicle; (2) MBFL exercised wrongful dominion or control of the vehicle; (3) MBFL served as MBUSA's lawful and actual agent[7]; and (4) MBFL

---

[7] As discussed above, the issue of agency is more properly addressed at the summary judgment stage, not on a motion to dismiss. Therefore, the Court accepts Plaintiff's allegation regarding agency as true at this stage.

refused to deliver or return possession of the vehicle unless Plaintiff paid the storage fees totaling over $1,400, and accruing at a rate of $75 per day. Compl. ¶¶ 156–60.

While Plaintiff did not specifically plead that a demand was made to the Defendants for return of the vehicle, accepting Plaintiff's allegations as true, any such demand would be futile considering MBFL refused to deliver possession of the vehicle to Plaintiff unless Plaintiff pays the outstanding storage fees. *See* Compl. ¶ 63. *See Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So. 2d 490, 500 (Fla. 3d DCA 1994) ("[A] demand and refusal are unnecessary [where] it would be futile and the act preventing a return results in a depriving of possession and, thus equates to a conversion." (quoting *Shelby Mutual Ins. Co. of Shelby, Ohio v. Crain Press, Inc.*, 481 So. 2d 501, 503 (Fla. 2d DCA 1985))). Thus, Plaintiff has stated a claim for conversion, and the Motion is due to be denied as to Count V.

## V.   CONCLUSION

Accordingly, for the reasons discussed above, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant Mercedes-Benz USA, LLC's Motion to Dismiss **[ECF No. 23]** is **GRANTED IN PART**.

2. Plaintiff's request for revocation of acceptance as a remedy for his breach of express warranty claim under Count I is hereby **STRICKEN** from the Complaint due to lack of privity of contract.

3.  Defendant Mercedes-Benz USA, LLC shall file an answer to the Complaint no later than **fourteen (14) days** from the date of this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 3rd day of September, 2025.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Counsel of record

22